YOUNG v. TEXAS & P. RY. CO. (No. 1906.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 7, 1918. Rehearing Denied Feb. 14, 1918.)

RAILROADS ⟳350(33)—DEATH OF PERSON ON TRESTLE—QUESTION FOR JURY.

In action for death of one struck by train on trestle, evidence *held* to make issue of negligence after discovered peril one for the jury.

Error from District Court, Marion County; J. A. Ward, Judge.

Action by Mary Young against the Texas & Pacific Railway Company. Judgment for defendant and plaintiff brings error. Reversed and remanded.

R. A. Sexton and F. M. Scott, both of Marshall, T. D. Rowell, of Jefferson, and W. T. Brothers, of Santa Rosa, N. M., for plaintiff in error. Armistead & Benefield, of Jefferson, for defendant in error.

LEVY, J. The appellant, an infant, sues by next friend for damages for the alleged wrongful death of her mother. A ground for recovery in the petition is that of discovered peril. The court, after the introduction of all evidence, peremptorily instructed a verdict for the defendant. The appeal is to review the ruling of the court in giving a peremptory instruction.

The trestle of the railroad company that spans Big Cypress bayou near Jefferson, Tex., is 125 yards long. Mary Young's mother, while crossing the trestle, going south, was struck by the north-bound railway passenger train, which was running about two hours late and at the speed of about 45 miles an hour. About 125 feet on the south from the trestle the track begins a gradual curve. At a point beginning on the track 2,400 feet on the south of the trestle a full, clear view, according to the evidence, may be had of a person on the trestle. There is evidence that the train could be stopped within 1,700 feet or less at the speed it was going. The fireman and engineer both saw the woman on the trestle, and her danger from the approaching train. The fireman first notified

the engineer of the woman's being on the trestle. The engineer said:

"I put on the air when I got that signal [of the fireman], and I ran about 1,700 feet before I stopped. I stopped with my engine over the bridge and part of the train on the bridge. The engine had gotten over the bridge to the dump."

The fireman testified that the train ran 1,600 or 1,700 feet "from the time I saw her until it stopped. The train had not all passed the bridge when the woman was struck when we stopped." When the train stopped the seventh car rested at the point where the woman was killed. Whether the train could have been stopped and the death avoided by the exercise of reasonable care was, in the further circumstances, it is believed, an issuable fact for the jury. The evidence raises an issue of discovered peril sufficiently, it is concluded, to be a jury question. Railway Co. v. Tinon, 117 S. W. 936; Railway Co. v. Yarbrough, 73 S. W. 844; Knights of Maccabees v. Johnson, 143 S. W. 718.

Appellant duly excepted to the ruling of the court in giving the peremptory instruction, and the second ground in the motion for new trial makes complaint thereof, it is thought, to the court. The motion in the case is overruled.

Judgment reversed, and the cause remanded for a new trial.

